UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, <br> United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> PHOENIX HOME CARE, LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 6:22-cv-3287 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **COMPLAINT**

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin and restrain Defendant Phoenix Home Care, LLC, from violating section 207, 211, 215(a)(2) and 215(a)(5) of the FLSA, and to recover wages that Defendant failed to pay its employees, as well as liquidated damages, pursuant to the provisions of the FLSA, 29 U.S.C. §§ 215(a)(2), 215(a)(5), 216(c), and 217.

The Secretary, through the Wage and Hour Division, conducted an investigation of two of Defendant's locations for compliance with the FLSA. The Secretary's investigation reviewed Defendant's employment and pay practices from December 31, 2018 through December 27, 2020, at the Branson, Missouri location; and from March 23, 2019 through March 19, 2021, at the Jefferson City, Missouri location (the "Investigation Periods"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Periods.

**Jurisdiction and Venue**

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217 and 28 U.S.C. § 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

**Defendant**

3. Defendant Phoenix Home Care, LLC, is a limited liability company within this Court's jurisdiction with it headquarters at 1839 E. Independence Street, Suite K, Springfield, Missouri 65804, where it conducts business.

4. Defendant Phoenix Home Care, LLC, is a home healthcare agency with locations throughout Missouri, Kansas, and Illinois.

5. During the Investigation Periods, Defendant Phoenix Home Care, LLC, engaged in business within Greene County and Cole County, within this Court's jurisdiction.

**The FLSA Applies to Defendants**

6. Phoenix Home Care, LLC, is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

7. Phoenix Home Care, LLC, is an "enterprise engaged in commerce" under the FLSA, because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Periods. 29 U.S.C. § 203(s)(1)(A).

8. Additionally, Phoenix Home Care, LLC, is, and at all times hereinafter mentioned was, employing employees in and about its places of business in domestic service employment,

within the meaning of section 2(a) of the Act. Section 2(a) states in pertinent part, "Congress . . . finds that the employment of persons in domestic service in households affects commerce." 29 U.S.C. § 202(a). Employees of Phoenix Home Care, LLC, provide in-home care for elderly people and people with disabilities. This work qualifies as domestic service work and, accordingly, the employees at issue were engaged in commerce.

## FLSA Violations

9. Phoenix Home Care, LLC, repeatedly violated sections 207 and 215(a)(2) of the FLSA when it failed to pay its employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek. Phoenix Home Care, LLC, failed to pay certain employees overtime wages when it failed to pay for time spent traveling between clients, which was part of their principal activity, as required by 29 C.F.R. § 785.38. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

10. Phoenix Home Care, LLC, violated sections 211 and 215(a)(5) of the FLSA when it failed to keep complete and accurate records. 29 U.S.C. §§ 211, 215(a)(5), 29 C.F.R. Part 516.

## Remedies Sought

11. As a result of their FLSA violations, Phoenix Home Care, LLC, owes the employees listed in Exhibit A unpaid back wages and liquidated damages under 29 U.S.C. §§ 216(c), 217.

12. Moreover, Phoenix Home Care, LLC, repeatedly and willfully violated sections 207, 211, 215(a)(2), and 215(a)(5) of the FLSA, because Defendant previously violated the FLSA and knew or showed reckless disregard for whether the FLSA prohibited its conduct.

13. Specifically, Phoenix Home Care, LLC, acted willfully when it had notice about the FLSA's requirement to pay for travel time by virtue of an investigation of the same

establishment with the same owners in 2018 finding the same or similar violations as the investigations subject to this Complaint; it agreed to pay any unpaid overtime wages owed as a result of that earlier violation; and it assured the Secretary that it would comply with the FLSA in the future.

14. Further, Phoenix Home Care, LLC's acts were repeated because the employer previously violated section 207, in which the employer received notice through an official of the Wage and Hour Division that it was in violation of the FLSA.

15. Because Phoenix Home Care, LLC, repeatedly and willfully violated the FLSA, the Secretary is entitled to recover back wages and liquidated damages for a three-year period. 29 U.S.C. § 255(a).

**Prayer for Relief**

As a result of Phoenix Home Care, LLC's repeated and willful FLSA violations, the Secretary respectfully requests this Court enter an Order:

A. Permanently enjoining and restraining Defendant Phoenix Home Care, LLC, its officers, agents, servants, employees, and those in active concert or participation with them, from violating sections 207, 211, 215(a)(2) and 215(a)(5) of the FLSA. 29 U.S.C. § 217(a).

B. Finding Defendant Phoenix Home Care, LLC, liable for unpaid overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A. 29 U.S.C. § 216(c).

C. If the Court declines to award liquidated damages, then enjoining and restraining Defendant Phoenix Home Care, LLC, its officers, agents, employees, and those persons in active concert or participation with Defendant, from withholding unpaid compensation

found owing to Defendant's employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621.

D.   Providing such other relief as may be necessary and appropriate.

>Seema Nanda
>Solicitor of Labor
>
>Christine Z. Heri
>Regional Solicitor
>
>Evert H. Van Wijk
>Associate Regional Solicitor
>
>/s/ Traci Martin
>Trial Attorney
>MO Bar #59796
>
>2300 Main Street, Suite 10100
>Kansas City, MO 64108
>(816) 285-7272
>(816) 285-7287 (fax)
>martin.traci.e@dol.gov
>
>*U.S. Department of Labor*
>*Attorneys for Plaintiff Secretary of Labor*

**EXHIBIT A**

1. Aguilar, Linda
2. Anderson, Carlena
3. Anderson, Linda
4. Andrews, Sharon
5. Atkinson, Ashley
6. Baker, Lila
7. Bandy, Jacqueline
8. Bartlett, Tasha
9. Belden, Christy
10. Beveridge, Carmella
11. Bigham, Shantaria
12. Blackwell, Briana
13. Boersma, Madison
14. Borts, Stefanie
15. Boswell, Janett
16. Boyd, Chloe
17. Brooks, Shelby
18. Bryant, Stephen
19. Capestro, Torey
20. Carpenter, Daniel
21. Choate, Christa
22. Cisneros, Kelsey
23. Cook, Misty
24. Cramer, Brenda
25. Cris-Kargbo, Betty
26. Dalgleish, Laura
27. Davis, Sarah
28. Dennis, Terry
29. Dobson, Aubrey
30. Douglas, Rebecca
31. Earnheart, Jamie
32. Edwards, Kimberly
33. Elliott, Gabriella
34. Eschliman, Paula
35. Flores, Alicia
36. Francis, Paris
37. Frost, Adriana
38. Fuller, Beth
39. Gallegos, Chantille
40. Garcia, Virginia
41. Griswold, Melissa
42. Grohs, Alicia
43. Gump, Kerry
44. Hagenhoff, Danielle
45. Hall-Singleton, Cinnamon
46. Hayes, Cierra
47. Heath, Melissa
48. Hensley-Parker, Arianna
49. Hertzing, Brooke
50. Hilgenfeld, Amber
51. Hill, Deina
52. Hinkley-Will, Julie
53. Hinsberger, Brezzie
54. Hitz, Lisa
55. Howard, Jenna
56. Hutchinson, Anna
57. Hutchinson, Billie
58. Jackson, Carol
59. Jennings, Kaitlyn
60. Johnson, Casey
61. Johnson, Christina
62. Jones, Barbara
63. Jones, Kieran
64. Jordan, Michelle
65. Kabatra, Michael
66. Kellerman, Chassiney
67. Kempker, Sandra
68. Kramek, Savannah
69. Kroeker, Charish
70. Kuklok, Lucinda
71. Ledbetter, Davvee
72. Lemaster, Megan
73. Lewis, Robin
74. Lilly, Donna
75. Loggins, Amanda
76. Lucero, Annette
77. Maddy, Megan
78. Mahoney, Barbara
79. Marsa, Carmen
80. McCurry, Shelly
81. Meyer, Hannah
82. Mitchell, Gabrielle
83. Morff, Gabrielle
84. Muzy, Julie
85. Norris, Samantha
86. Overstreet, Andrew
87. Parker, Kendra
88. Parkes-Wagner, Cassandra
89. Patrick, Mialissia
90. Pearson, Jessica
91. Pinnell, Akisha
92. Platt, Marie
93. Richards, Harliann
94. Riley Jones, Lorabeth
95. Roberts, Jamie
96. Robertson, Kaley
97. Robinett, Tiffany
98. Robinson, Natalie
99. Russell, Natalie
100. Saunders, Darlene
101. Schubert, Kaytlin
102. Schultz, Julie
103. Scott, Christina
104. Shetley, Megin
105. Shoulders, Kiara
106. Sjostrand, Brooke
107. Smith, Sheila
108. Smith, Sherry
109. Snyder, Kelsey
110. Stanley, Tammy
111. Stone, Chrstina
112. Stuckenberg, Siobhan
113. Sullivan, Ashley
114. Summers, Lisa
115. Taylor, Brittany
116. Thebeau, Theresa
117. Tilton, Kimberly
118. Tomson, Allison
119. Tranchilla, Margaret
120. True, JoAnna
121. Tunstall, Antwan
122. Usrey, Brandi
123. Vereecke, Sarah
124. Vocks, Linda
125. Vos, Skylar
126. Wagner, Dennis
127. Washington, Stephanie
128. Waters, Rylee
129. Weimer, Kimberly
130. Willis, Cassidy
131. Willis, Melanie
132. Witte, Tina
133. Wood, Diane