UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, <br><br>Plaintiff, <br><br>v. <br><br>PHOENIX HOME CARE, LLC, <br><br>Defendant. | ) ) ) ) ) ) Civil Action No. 6:22-cv-3287 ) ) ) ) ) ) |

## ORDER AND CONSENT JUDGMENT

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor, has filed a complaint under the Fair Labor Standards Act of 1938 as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), and Defendant Phoenix Home Care, LLC, has appeared by counsel and waives formal service of process of the Summons and Complaint, waives its Answer and any defenses that it may have, and agrees to the entry of this Consent Order and Judgment without contest.

Defendant admits and the Court finds Defendant is engaged in related activities performed through unified operation or common control for a common business purpose and is an "enterprise" under 29 U.S.C. § 203(r) of the FLSA.

Defendant admits and the Court finds Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(1)(A) of the FLSA. Defendant further admits and the Court finds Defendant employs employees in and about its places of business in domestic service employment, within the meaning of section 2(a) of the FLSA. Section 2(a) states in pertinent part, "Congress . . . finds that the employment of persons in domestic service in households affects commerce." 29 U.S.C. § 202(a). Defendant's

employees provide in-home care for the elderly and infirm. This work qualifies as domestic service work and, accordingly, the employees at issue are engaged in commerce.

Defendant admits and the Court finds Defendant is an employer as defined in 29 U.S.C. § 203(d) of the FLSA.

Upon motion of attorneys for the Secretary and for cause shown, it is:

ORDERED, ADJUDGED, AND DECREED, pursuant to section 17 of the FLSA that Defendant, its officers, agents, servants, and all persons acting or claiming to act on its behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, in any of the following manners:

1. Defendants shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any of its employees including, but not limited to, any of its employees working at Phoenix Home Care, LLC, or at any business location owned, operated, and/or controlled by Defendant, and at any other business location at which its employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the FLSA, for workweeks longer than forty hours, unless said employees receive compensation for their employment in excess of forty hours at a rate equivalent to one and one-half times the regular rate at which they are employed.

2. Defendant shall make, keep, and preserve adequate records of its employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of its employees working at Phoenix Home Care, LLC, or at any business location owned, operated, and/or controlled by Defendant, and at any other business location at which its employees perform work, as prescribed by the regulations issued pursuant

to 29 U.S.C. §§ 211(c) and 215(a)(5) and found at 29 C.F.R. Part 516. Defendant shall make such records available at all reasonable times to representatives of the Secretary.

3. Pursuant to 29 U.S.C. § 215(a)(3), Defendant shall not discharge or take any retaliatory action against any of its employees, whether or not directly employed by Defendant, because the employee engages in any of the following activities:

    a. Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Defendant or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA;

    b. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing, or inquiry into any alleged violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA, by the Defendant or another employer with whom there is a business relationship; or

    c. Objects to, or refuses to participate in any activity, policy, or practice that the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA.

FURTHER, JUDGMENT IS HEREBY ENTERED, pursuant to section 16(c) of the Act, in favor of the Secretary and against Defendant for unpaid overtime compensation covering the period from December 31, 2018, to March 19, 2021, and an additional sum as liquidated damages, as outlined in the settlement agreement entered into by the parties.

FURTHER, JUDGMENT IS HEREBY ENTERED, pursuant to section 16(e)(2) of the Act, in favor of the Secretary and against the Defendant for civil money penalties, as outlined in the settlement agreement entered into by the parties, due for repeat violations of the Act.

4. By entering into this Consent Order and Judgment, the Secretary does not waive his right to conduct future investigations of Defendant under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to 29 U.S.C. § 216(e), with respect to any violations disclosed by such investigations.

It is FURTHER ORDERED that each party shall bear their own costs, fees, and other expenses incurred by such party in connection with any stage of this proceeding, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

**IT IS SO ORDERED.**

Dated: December 1, 2022　　　　　　　　　　　　　　　　　　*/sDouglas Harpool*

**DOUGLAS HARPOOL**

**United States District Judge**

4

Case 6:22-cv-03287-MDH   Document 4   Filed 12/01/22   Page 4 of 5

Entry of this judgment
is hereby consented to:

**PHOENIX HOME CARE, LLC**

BY: _____
Philip Melugin
President

and

_____
John D. Hammons, Jr.
Ellis, Ellis, Hammons & Johnson, P.C.
2808 S. Ingram Mill, A104
Springfield, Missouri 65804
*Attorney for Defendant*

APPROVED:

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**EVERT H. VAN WIJK**
Associate Regional Solicitor


_____
Traci Martin
U.S. Department of Labor
Office of the Solicitor
2300 Main Street, Suite 1020
Kansas City, Missouri 64108
(816) 285-7272
martin.traci.e@dol.gov
*Attorneys for Plaintiff Martin Walsh,
Secretary of Labor, U.S. Department of Labor*

5